ROBERT J. YORIO (SBN 93178)

yorio@carrferrell.com

ILENE H. GOLDBERG (SBN 168051)

igoldberg@carrferrell.com

CHRISTINE S. WATSON (SBN 218006)

cwaston@carrferrell.com

CARR & FERRELL *LLP*

120 Constitution Drive

Menlo Park, California 94025

Telephone: (650) 812-3400

Facsimile:  (650) 812-3442

Attorneys for Plaintiff and Counter Defendant

INGRID & ISABEL, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID & ISABEL, LLC, a California limited liability company, | CASE NO. CV-13-1806 JCS |
| Plaintiff, | **INSPECTION PROTOCOL** |
| v. | |
| BABY BE MINE, LLC, a Delaware limited liability company, et al., | |
| Defendants. | |

{00756709v2}                                     - 1 -

AND RELATED COUNTERCLAIMS

Plaintiff Ingrid & Isabel, LLC ("Plaintiff") and Defendants Baby Be Mine, LLC, Isabelle Gartner, and Helen Tekce (collectively referred to as "Defendants"), by their respective attorneys of record herein, agree to the following inspection protocol ("Protocol") in connection with the production of 1) all of Defendants' hard drives and Electronic Storage Media in Defendants' custody and control; 2) Defendants' e-mail address accounts for sales@babybeminematernity.com, michele@babybeminematernity.com, lisa@babybeminematernity.com, isabelle@babybeminematernity.com, helent@tconnections.com and returns@babybeminematernity.com. ("E-Mail Accounts"); (3) Defendant Baby Be Mine, LLC's Amazon.com, Facebook, Twitter, and eBay business accounts; (4) Defendant Isabelle Gartner's Amazon.com, Facebook, Twitter, and eBay individual accounts; and (5) Defendant Helen Tekce's Amazon.com, Facebook, Twitter, and eBay individual accounts (collectively "Media and Accounts"), pursuant to the Court's Order dated March 21, 2014 in Ingrid & Isabel, LLC v. Baby Be Mine, LLC, Case No. 13-cv-01806-JCS (Dkt No. 64).

**A.     Definitions**

"Hard Drive" shall include all hard disk drives regardless whether the drives are located in desktop, laptop, tablet or mobile computers or devices.

"Electronic Storage Media" shall include all permanent and portable media that can be used to record or store information, including but not limited to, flash drives, memory cards, external disk drives, CD-ROMs, DVDs, zip disks, USB Flash drives, iPads, iPhones, and any other cellular device.

**B.     Forensic Expert**

The parties shall jointly retain Discovia, the computer forensics expert designated by Plaintiff. The costs of Discovia's services are to be determined by the Court.

Within two days of the date of execution of this Protocol, Defendants shall produce and otherwise grant and provide any and all necessary access to the Media and Accounts to Discovia.

Discovia will conduct the inspection of the Media and Accounts pursuant to the terms of this Protocol. Discovia's access to and use of the information contained in the Media and Accounts will be subject to the Stipulated Protective Order in this case (Dkt No. 19) and Discovia will execute the Acknowledgement and Agreement to be Bound, attached as Exhibit A to the Stipulated Protective Order, prior to commencing its collection and inspection tasks.

### C. Hard Drives and Electronic Storage Media

Defendants shall produce all hard drives and electronic storage media to Discovia. If remote access to any Media and Accounts is available, Defendants will provide all information necessary for Discovia to obtain such access.

Discovia will perform a search of all programs, data and files on the hard drives and electronic storage media produced by Defendants, including a search for evidence of items deleted or not produced as well as information regarding the circumstances of any deletions (including the date the document was deleted and the user who deleted the document).

### D. E-mail Accounts

Defendants shall provide all information required for Discovia to access the E-mail Accounts, including username(s) and password(s) associated with the E-mail Accounts. Discovia will perform a search of the E-mail Accounts, including a search for evidence of items deleted or not produced as well as information regarding the circumstances of any deletions (including the date the e-mail and/or attachment was deleted and the user who deleted the e-mail and/or attachment).

### E. Amazon.com, Facebook, Twitter, and eBay Accounts

Defendants shall provide all information required for Discovia to access the Amazon.com, Facebook, Twitter, and eBay business and personal accounts of Defendants', including username(s) and password(s)

associated with the accounts. Discovia will perform a search of the accounts, including a search for evidence of items deleted or not produced as well as information regarding the circumstances of any deletions (including the date the e-mail and/or attachment was deleted and the user who deleted the e-mail and/or attachment).

### F.  Attorney-Client Privileged Information

Discovia will include in any search the following set of search terms provided by Defendants and approved by Plaintiff for the purpose of locating and segregating potential attorney-client communications and attorney work product ("Attorney Client Communications"):

1. Peter Craigie

2. Robert Levin

3. Denise Collier

4. peter@cmclawpartners.com

5. craigielaw@aol.com

6. rnl@lawofficesofrobertlevin.com

7. dec@Lawofficesofrobertlevin.com

Discovia will segregate the Attorney Client Communications for review by Defendants' counsel of record, except for any Attorney Client Communications that are copied to a third party.  In the case of Attorney Client Communications copied to a third party (Third Party Material), that Third Party Material shall be produced to Plaintiff.  Within seven (7) business days of receipt of the Attorney Client Communications l, Defendants shall prepare and produce to Discovia and Plaintiff a privilege log that identifies with particularity any and all information or documents which Defendants claim are subject to withholding on the basis of

privilege, including the name(s) of the sender(s), recipient(s), date, and description of the document. All materials not listed in the privilege log shall be produced to Plaintiff.

Any inadvertent disclosure of privileged information or other materials by Defendants to Discovia or Plaintiff will not constitute a waiver of any applicable privileges.

### G.     Helen Tekce's Personal Email Account, Helent@tconnections.com

With regard to Helen Tekce's personal email account, helent@tconnections.com only, Discovia will include in any search the following set of search terms provided by Plaintiff and approved by Defendants for the purpose of locating and segregating potential personal communications from business communications ("Business Communications"):

"BAND", "BANDS"  "MATERNITY BELLY BAND", "MATERNITY" "BELLY" "BELT" "INGRID", "INGRID & ISABEL", "ISABEL" "CARNEY" "IAI" "BBM" "BABY BE MINE" "BABYBEMINE" "BABY BE MINE MATERNITY" "NOPPIES" "BELLA" "CARR" "FERRELL" "ADWORDS" "KEY WORDS" "WAYFAIR" "WALMART" "PRETTY COMPANY"  "BELLABAND", "BELLA BAND" BE BAND", "HOLD UP", "HOLDS UP", "HOLD" "HOLDS" 'DELETE EMAIL" "DELETE DOCUMENT" "LAWSUIT", "AGREEMENT" "ISABELLE" "GARTNER" "DISCLAIMER", "NOT INTENDED" "PHOTOSHOOT" "PHOTO" 'PHOTOGRAPH" "WEBSITE" 'WEB STORE" "WEBSTORE" "INTERNET" "SALE" "EMULATE" "WIDTH" "HEIGHT" "VOLUSION" "3DCART" "3 D CART" "OSCOMMERCE" "OS COMMERCE" "THIN", ""EXPECTING COMFORT" "TARGET" "HAND FEEL" "HANDFEEL" "CHEAP" "THICK", "THICKER" "THINNER" "STRETCHY", "STRETCH" "SHIPPING' 'DUTY" "CUSTOMS" "UNIT" "TRADEMARK" "PATENT" "PATENTS" "TRADEMARKS" "MEDIATION" 'DEPOSITION" "JUDGE" "SPERO" "LAWYER" "LAWYERS" "ATTORNEY" "ATTORNEYS" "JAMS" "KATZ" "ILENE" "GOLDBERG" "YORIO" "AMAZON" "DIAPERS.COM" "QUIDSI" "AMAZON.COM" "AMAZON.UK" "THIN" "HOLD" "HOLDS UP" "PANTS" "GRAMS", "WEIGHT", "RETURNS", "RETURN" "ORDER" "ORDERS"  "PRODUCE" 'PRODUCTION" "COMPRESS", "QUALITY", "DEFECTIVE", "DAMAGE", "ACCEPTABLE", "GSM", "PCS" "FABRIC" "KNIT" "KNITTED" "LOOSE", "BAMBOO", "VISCOSE", "COTTON", "COTON", "LYCRA", "SPANDEX", "SPEC", "PERCENTAGE" "%" "SPECIFICATION", "MEASUREMENT", "ELASTANE", "CUSTOMS", "STAMP", "REVERSIBLE", "GO DADDY" "MATERNITY BELT", "TUREKS", "SUHEYLA", "NILGUN", "INCI", "SEVDA", "RUSEN", "CEMILE",

"BRONZINTERNATIONAL", "FOB" "AWB" "AIR WAY BILL" "FREIGHT ON BOARD" "UPS" "PCS" "QUALITY" "CUSTOMER" "CUSTOMERS" "WHOLESALE" "RETAIL" "AGENT" "TURKEY" "PURCHASE ORDER" "PO" 'TURKISH" "ANGELA MORRIS" "CARL CASTANHO" "CATHY MORNEAULT" "MORNEAULT" "CTSCTS" "SHEA" "SHEA LONG" "RACHEL FLORIO" "FLORIO" "STERLING" 'STERLING WILLIAMS" "MOLLY FRANCIS" "FRANCIS" "KLIMCZAK" "MICHELE KLIMCZAK""SCREEN PRINT" "PRINTED" "SOLID"  "SHIPMENT" "BRONZ", "OPTIMA", "TUAY", "TUAYTEKS", "ASAR",  "HUMAN", "ERZAN","AYDOGAN", "SONER" "ASAR" "ARDONGAN", AS WELL AS TURKISH WORDS, "BANT", "KALITE", "DAVA" and "PAMUK",

Plaintiff and Defendants agree that other search terms may arise as a result of the review of documents produced during this production, and therefore, Plaintiff and Defendants agree that Plaintiff does not waive its right to use additional search terms to locate additional documents in the helent@tconnections.com email account at a later time.

Discovia will segregate the Business Communications from the helent@tconnections.com email account for review by Plaintiff.

Plaintiff will have full access to all other email accounts, including sales@babybeminematernity.com, michele@babybeminematernity.com, lisa@babybeminematernity.com, isabelle@babybeminematernity.com, and returns@babybeminematernity.com, without regard to any search terms and only subject to Attorney Client Communications.

H.     **General Terms**

Discovia may consult with Plaintiff's counsel concerning the status and progress of the production and inspection. Discovia may prepare an oral or written report for Plaintiff regarding the detection of evidence that documents, files or other items were deleted from, downloaded to, or otherwise modified on the hard drives, electronic storage media or E-mail Accounts provided that any such reports do not disclose to Plaintiff the content of any material or documents that Defendants have identified as subject to privilege in a privilege log and have withheld from production under this Protocol.

Plaintiff will provide search terms of its own choosing and otherwise provide direction to the expert on what to search.

The Defendants and their officers, employees and agents shall refrain from deleting, relocating, defragmenting, overwriting data on the subject computers or otherwise engaging in any form of activity calculated to impair or defeat forensic acquisition or examination.

If in the course of the inspection a concern regarding the management of privileged information arises, the parties will meet and confer in order to try to informally resolve this issue.  If the parties cannot agree to an informal resolution, the issue may be resolved via a discovery motion.

As agreed to this 25th day of March, 2014.

CARR & FERRELL LLP


By:   /s/ Ilene H. Goldberg
ROBERT J. YORIO
ILENE H. GOLDBERG


Attorneys for Plaintiff
INGRID & ISABEL, LLC




CRAIGIE, McCARTHY & CLOW

By: /s/ Peter W. Craigie

PETER W. CRAIGIE

Attorneys for Defendants

BABY BE MINE, LLC, HELEN TEKCE and ISABELLE GARTNER

Dated: 3/27/14

**IT IS SO ORDERED**

*Judge Joseph C. Spero*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA