UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID & ISABEL, LLC,<br>    Plaintiff,<br>v.<br>BABY BE MINE, LLC, et al.,<br>    Defendants. | Case No. 13-cv-01806-JCS<br><br>**DISCOVERY ORDER**<br>Re: Dkt. Nos. 91, 106 |

On June 24, 2014, the Court received the parties' Fifth Joint Letter regarding discovery ("Fifth Joint Letter"). Dkt. No. 106. The letter included Defendant's request that the Court compel Plaintiff to produce documents in response to Requests for Production Nos. 5, 7, 9, 17, 18, 20, and 22. *Id.*

The Local Rules of Practice in Civil Proceedings before the United States District Court for the Northern District of California state that "no motions to compel fact discovery may be filed more than 7 days after the fact discovery cut-off." Civil L.R. 37-3. This Court's standing order on discovery disputes disallows "formal discovery motions," including motions to compel fact discovery, and instead requires parties to discovery disputes to file joint letters describing every issue in dispute, each party's final substantive position, and final proposed compromise on each issue. Civil Standing Orders for Magistrate Judge Joseph C. Spero, Feb. 10, 2014 at B.8. The Court thus finds that Civil Local Rule 37-3's prohibition on late motions to compel applies to any filing, including a joint letter, requesting an order compelling production of fact discovery.

The cut-off date for fact discovery in this action was April 30, 2014. Dkt. No. 68. The Fifth Joint Letter was filed June 24, 2014, "more than 7 days after the fact discovery cut-off." Accordingly, Defendant's request to compel production of documents in response to Requests for Production Nos. 5, 7, 9, 17, 18, 20, and 22 is **DENIED**.

1   On June 17, 2014, the Court received the parties' Fourth Joint Letter regarding discovery
2  ("Fourth Joint Letter").  Dkt. No. 91.  That letter addressed issues remaining from the parties'
3  Second Joint Letter regarding discovery filed May 8, 2014, Dkt. No. 78, and Third Joint Letter
4  regarding discovery filed May 12, 2014.  Dkt. No. 82.  The Fourth Joint Letter also included
5  Plaintiff's request that the Court compel Defendant to produce documents in response to Requests
6  for Production  Nos. 1, 17, 46, 47, and 48.  Dkt. No. 91.

7   The cut-off date for fact discovery in this action was April 30, 2014.  Dkt. No. 68.  The
8  Fourth Joint Letter was filed June 17, 2014 and addressed issues remaining from letters filed with
9  the Court May 8 and May 12, 2014.  All three letters were filed "more than 7 days after the fact
10 discovery cut-off."  Civil L.R. 37-3; *see* Civil L.R. 1-5(c); Fed. R. Civ. P. 6(a)(1).  The Fourth Joint
11 Letter, and indeed the Second and Third Joint Letters, are untimely and any motions to compel
12 contained in those letters is **DENIED** to the extent that the issues have not been resolved by
13 agreement of the parties.

14  In any event, having considered the parties' arguments in the Fourth Joint Letter, the Court
15 finds no evidence that Defendant has withheld documents responsive to Plaintiff's Requests for
16 Production Nos. 1 or 17.  The Court also finds Defendant's statement that it has produced at least
17 one of each allegedly "missing" band to be sufficient for Plaintiff to fairly support any argument
18 related to testing or measuring the bands sold by Defendant.

19  Accordingly, Plaintiff's request to compel production of documents in response to
20 Requests for Production Nos. 1, 17, 46, 47, and 48 is **DENIED**.

**IT IS SO ORDERED.**

Dated: June 27, 2014

JOSEPH C. SPERO
United States Magistrate Judge